UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

REMOI CAMPBELL,

    Petitioner,

v.                                              Case No. 4:26cv62-MW-HTC

M. CASEY RODGERS,

    Respondent.
_____/

REPORT AND RECOMMENDATION

    Remoi Campell, a prisoner at Florida State Prison, filed a rambling, nonsensical pleading on the form for filing an application for a writ of habeas corpus petition under 28 U.S.C. § 2241. Doc. 1. This Court has an obligation to promptly review a habeas petition and dismiss the petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief.[1] The Court has examined the purported petition, and, for the following reasons, concludes it plainly shows no entitlement for relief and should be dismissed.

    Petitioner Remoi Campbell is a prisoner at Florida State Prison serving a fifteen-year sentence on his conviction for aggravated battery with a deadly weapon in 2016 CF 19024 in Lee County, Florida, Circuit Court. Doc. 1 at 1; Florida

---

[1] *See* Habeas Rule 4 ("[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

Department of Corrections Inmate Population Information Detail, available at https://pubapps.fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=Y62445&TypeSearch=AI.  Since 2023, Campbell has filed fourteen habeas petitions and sixteen civil actions, all of which were dismissed prior to service.  In fact, he is a three-striker under 28 U.S.C. § 1915(g), forbidden from filing actions under 42 U.S.C. § 1983 without prepaying the filing fee or showing imminent physical danger.  *See Campbell v. Gaudin*, 1:24-cv-00167/AW/HTC (N.D. Fla. Nov. 4, 2024).

Also, almost all the orders dismissing his habeas petitions describe them as rambling, stream-of-consciousness observations about Campbell's life that do not allege any grounds for federal habeas relief.  *See, e.g.*, *Campbell v. Sec'y, Dep't of Corr.*, 8:24-cv-02375/KKM/AAS, ECF Doc. 3 (M.D. Fla. Oct. 25, 2024) ("Campbell's paper contains rambling, stream-of-consciousness observations but does not challenge the validity of his state court judgment for any reason, much less for a violation of federal law."); *Campbell v. Sec'y, Dep't of Corr.*, 2:23-cv-00874/SPC/KCD, 2023 WL 6794233, at *1 (M.D. Fla. Oct. 13, 2023) ("[E]ven when construed liberally, the Petition does not allege any grounds for federal habeas relief. It mostly consists of stream-of-consciousness musings about Campbell's life.").  In fact, in a recent denial of habeas relief, the Middle District judge described Campbell's filing history as follows:

Case No. 4:26cv62-MW-HTC

> He regularly files frivolous papers containing immaterial and nonsensical statements. His latest habeas petition—inexplicably directed against a United States magistrate judge—is no exception. Even under the most liberal reading, nothing in Campbell's petition could be read as an arguable ground for habeas relief. Because Campbell is clearly not entitled to habeas relief based on any claim in the petition, the Court will dismiss it.

*Campbell v. Fitzpatrick*, 2:25-cv-00825/SPC/NPM, ECF Doc. 6 (M.D. Fla. Sept. 19, 2025).

Campbell's filing in the instant case follows the same pattern and is a rambling, stream-of-conscious commentary that inexplicably names a District Judge as Respondent.[2] As with all his filings, it is difficult to discern exactly what he is claiming, but it is clear he is not entitled to relief under any conceivable theory.

Moreover, the petition is an unauthorized successive petition. In the relief requested portion of the petition, Campbell states, "My release from prison is my request" and online records show that he is currently in custody based on his conviction in 2016 CF 19024 in Lee County, Florida.[3] Campbell, however, has already filed a habeas petition challenging that conviction, which was denied on the merits. *See Campbell v. Sec'y, Dep't of Corr.*, 2:23-cv-00874 (M.D. Fla. Oct. 13,

---

[2] This is not the first case in which Campbell attempted to name this federal judge as a Respondent. *See also Campbell v. Rodgers*, 4:25-cv-484/MW/HTC, ECF Doc. 6 (N.D. Fla. Jan. 5, 2026) (dismissing petition as frivolous and an unauthorized successive petition).

[3] Because Campell is challenging his original conviction or sentence, the petition should be one under 28 U.S.C. § 2254 and not § 2241, and the proper respondent would be the Secretary of the Florida Department of Corrections, not a federal judge. *Diaz v. Sec'y, DOC*, 2020 WL 708128, at *1 (M.D. Fla. Feb. 12, 2020).

Case No. 4:26cv62-MW-HTC

2023).[4]  Before filing a second or successive petition, he must seek authority to do so from the Eleventh Circuit.  *See* 28 U.S.C. § 2244(b)(3)(A); *Lambrix v. Sec'y, DOC*, 872 F.3d 1170, 1180 (11th Cir. 2017) (per curiam) (noting the district court has no jurisdiction to hear a successive petition unless it has been authorized by the Eleventh Circuit).  There is no indication Campbell has done that.  Thus, Campbell's petition should be dismissed.

For the reasons set forth above, the undersigned recommends this action be dismissed *sua sponte* as frivolous and as an unauthorized successive petition.  Additionally, for purposes of habeas relief, the undersigned also finds that an evidentiary hearing is not warranted.  In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."  *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  Here, because Petitioner's petition is due to be dismissed without any factual finding, an evidentiary hearing is not warranted.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is

---

[4] Because Campbell is challenging a judgment and conviction from a state court located in the Middle District of Florida, this Court could transfer this case to that District.  *See* 28 U.S.C. § 1404.  However, such a transfer would not promote judicial efficiency given the frivolous nature of this filing.

Case No. 4:26cv62-MW-HTC

issued, "[T]he court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 9th day of February, 2026.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed **within fourteen (14) days** after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.